UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

RAYMOND BEALS,

                 Plaintiff,      :     MEMORANDUM OPINION & ORDER

       - against -

                                    07 Civ. 4540 (PAC) (RLE)

ACTING SUP. DEP. FARRELL,

                 Defendant.

-----------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Petitioner, Raymond Beals ("Beals"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 19, 2007, Beals filed an application for appointment of counsel. For the reasons that follow, Beals's request for counsel is **DENIED.**

## II. DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (internal citations omitted). The Court's first inquiry is whether Plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that Beals cannot afford counsel, it must then examine the merits of his case and "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir.

1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) Beals's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) Beals's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-62.

Beals satisfies the threshold requirement of indigence insofar as he is incarcerated and is unable to afford counsel. He fails to satisfy the second threshold requirement, however, and the discretionary factors do not redound to his benefit. First, Beals has not shown that his claim is timely. A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. For purposes of this petition, Beals's conviction became final on July 19, 2004; therefore, he had until July 19, 2005, to file his habeas. He did not file his petition until March 1, 2007, however. Second, Beals has demonstrated the ability to properly file a habeas corpus petition setting forth relevant facts. He has corresponded with the Court, setting forth relevant issues in clear and coherent writing. Therefore, after careful review, Beals's application for counsel is **DENIED, without prejudice.**

**SO ORDERED this 5th day of February 2008**
**New York, New York**

*[signature]*
The Honorable Ronald L. Ellis
United States Magistrate Judge

2