UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAYMOND BEALS,

               Petitioner,

    - against -

ACTING SUPT. DEP. FARRELL,

               Respondent.

**REPORT AND RECOMMENDATION**

**07 Civ. 4540 (PAC) (RLE)**

---

**To the HONORABLE PAUL A. CROTTY, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* Petitioner, Raymond Beals, a New York state prisoner at Wallkill Correctional Facility, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition was mailed on March 1, 2007, and received by the *Pro Se* Office in this District on March 16, 2007. Beals was convicted of robbery in the second degree (N.Y.P.L. § 160.10(2)(a)) and sentenced to a determinate term of seven years with five years' post-release supervision.

    Beals contends that his incarceration violates the United States Constitution because: 1) the trial court refused to modify his sentence so that his period of incarceration and post release supervision did not exceed the seven year sentence that the court promised; and 2) the trial court incorrectly held that he was entitled to vacate his guilty plea but precluded from modifying it. (Pet. ¶ 13.) For the reasons set forth below, I recommend that the Petition be **DISMISSED**.

## II. BACKGROUND

On August 4, 2001, Beals was arrested for robbing and assaulting a taxi driver. (Resp't Mem. in Opp. to Pet. ("Resp't Mem.") at 2.) On August 10, 2001, he was charged with robbery in the second degree, assault in the second degree, and grand larceny in the fourth degree. (*Id.*) On October 4, 2002, Beals's counsel informed the court that Beals had authorized him to enter a plea of guilty to robbery in the second degree in satisfaction of the indictment in exchange for a seven-year sentence. (Plea Mins. at 2-3, Docket Entry No. 11, *Beals v. Farrell,* No. 07 Civ. 4540 (PAC) (RLE) (S.D.N.Y. May 30, 2007).) Beals confirmed that he understood he was pleading guilty to a felony, that he was giving up his right to trial, and that the guilty plea would have the same legal ramifications as being found guilty by a jury. (*Id.*) He also acknowledged that he could have received up to fifteen years if convicted at trial, but would receive a seven-year sentence because of his plea. (*Id.* at 4.) After the State indicated that the plea was acceptable, the court concluded that Beals would be sentenced to a determinate seven-year sentence with five years' post-release supervision. (*Id.* at 6.)

Prior to sentencing, Beals filed a *pro se* motion to withdraw his guilty plea pursuant to N.Y.C.P.L. § 220.60(3) (Decl. in Opp., Ex. A at 3), protesting that his counsel coerced him into pleading guilty, that he was not aware of the law or consequences of the plea, and that he was innocent (*id.* at 3-4). On October 25, 2002, the sentencing court denied Beals's motion (Sentencing Mins. at 16, Docket Entry No. 11, *Beals v. Farrell,* No. 07 Civ. 4540 (PAC) (RLE) (S.D.N.Y. May 30, 2007)), and imposed the seven year sentence with five years' post release supervision (*id.* at 21). Beals's conviction was unanimously affirmed by the Appellate Division on December 23, 2002. *See People v. Beals*, 768 N.Y.S.2d 610 (App. Div. 1st Dep't 2002).

Leave to appeal to the New York Court of Appeals was denied on April 19, 2004. *See People v. Beals*, 2 N.Y.3d 761 (2004).

Two years later, on April 17, 2006, Beals filed a *pro se* motion to vacate or modify his sentence pursuant to N.Y.C.P.L. § 440.20. (Decl. in Opp., Ex. I.) He contended that the five years' post-release supervision requirement improperly increased to twelve years the seven-year term to which he had agreed, rendering the sentence illegal. (*Id.* at ¶ 4.) On October 12, 2006, the trial court denied Beals's motion, holding that he had no right to specific performance of the plea (Decl. in Opp., Ex. L at 1), and, on February 6, 2007, the Appellate Division denied Beals leave to appeal (Decl. in Opp., Ex. N).

### III. DISCUSSION

Respondents argue that Beals's Petition is untimely. (Resp't Mem. at 13.) Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. 28 U.S.C. § 2244(d)(1). A conviction becomes final when the "time to seek direct review in the United States Supreme Court by writ of certiorari expires," that is, ninety days after the final determination by the state court. *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (*quoting Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998)). Beals's conviction became final on July 19, 2004, ninety days after the New York Court of Appeals denied him leave to appeal. Therefore, he had until July 19, 2005, to file his Petition. The Petition was given to correctional authorities for mailing to this Court on March 1, 2007, almost three years after Beals's conviction had been finalized. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001) (a petition is considered filed when it is handed to prison guards). Thus, unless the AEDPA time limitation is tolled, it is time-

barred.

Beals's April 2006 post-conviction motion did not toll the limitations period because more than a year elapsed between the time that his conviction became final and the time he filed it. *See Ahmed v. Brown,* No. 06 Civ. 02857 (CBA), 2006 WL 2355838, at *1 (E.D.N.Y. Aug. 15, 2006) (*citing Smith v. McGinnis,* 208 F.3d 13, 16 (2d Cir. 2000) *(per curiam)*) ("The tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period . . . ."). Moreover, equitable tolling is not available to Beals. Equitable tolling is within the Court's discretion and may be invoked in "rare and exceptional circumstances." *Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir. 2004) (*quoting Smith* 208 F.3d at 17). To warrant such tolling, not only must the petitioner demonstrate that "extraordinary circumstances prevented him from filing his petition on time," but also that he used "reasonable diligence" during the intervening period. *Id.* (*quoting Smith,* 208 F.3d at 17). Beals argues that the AEDPA time limit was intended "to prohibit terrorist from gaining legal recourse," and therefore does not apply to him since he is an American. (Pet'r Aff. in Supp. of Reply to Timeliness to Pet. for Habeas Corpus ¶ 5.) He also argues that he ought to be held to a lesser standard because he is *pro se*. (*Id.*) Beals offers no legal support for these propositions, and the Court finds them meritless. The mere fact of his *pro se* status provides no basis for equitable tolling, s*ee Smith,* 208 F.3d at 18, and AEDPA's limitations period applies to all federal habeas petitions challenging a judgment of a state court. Because Beals's petition fails to qualify for tolling, I recommend that it be **DISMISSED** as time-barred.

## III. CONCLUSION

For the reasons set forth above, I recommend that Beals's Petition for a writ of habeas corpus be **DISMISSED.**

Pursuant to Rule 72, Federal Rules of Civil Procedure, the Parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Kimba M. Wood, 500 Pearl Street, Room 1610, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: August 4, 2008**
**New York, New York**

Respectfully Submitted,

*/s/ Ronald Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge